[Cite as *State v. Bickerstaff*, 2026-Ohio-1358.]

IN THE FIFTH DISTRICT COURT OF APPEALS
RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2025-CA-0056 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2024 CR 0220N |
| TERRY L. BICKERSTAFF | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment Entry:April 13, 2026 |

BEFORE:  Andrew J. King, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES:  Michelle Fink, for Plaintiff-Appellee; Randall E. Fry, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Defendant-appellant Terry L. Bickerstaff appeals his assault conviction following a jury trial in Richland County.  Bickerstaff argues that his conviction is not supported by sufficient evidence.  For the reasons set forth below, we affirm Bickerstaff's conviction.

*Facts & Procedural History*

{¶2}    In February 2023, Bickerstaff was incarcerated at Mansfield Correctional Institution after being convicted of aggravated murder in 2011.

{¶3}    On February 5, 2023, an incident occurred while Bickerstaff was in a segregation unit recreation cell.  The victim, who is a corrections officer identified as J.N.,

along with Bickerstaff and another corrections officer on duty the day of the incident, testified at trial.

{¶4} J.N. testified that, on February 5, 2023, she was working as a corrections officer at the Mansfield Correctional Institution. J.N. observed Bickerstaff standing in the center of the recreation cell attempting to speak, but she could not hear him due to surrounding noise. J.N. and Bickerstaff were separated by iron bars. She asked him to come closer. According to J.N., Bickerstaff then punched her in the face through the bars with a closed fist. She reacted angrily, used an expletive, and immediately left the area, allowing a coworker/coworkers to take over.

{¶5} J.N. testified that she did not initially feel pain in her head or neck, but noticed a mark on her face and redness around her eye. She went to the institution's clinic but does not recall the details of that visit due to her emotional state. After the adrenaline subsided, she began experiencing head and neck pain. She later saw a chiropractor, who recommended she take three weeks off work to recover. Her employer granted this leave as "Occupational Injury Leave," which is provided to corrections officers injured by inmates.

{¶6} J.N. acknowledged that, immediately after the incident, she told coworker/ coworkers she was not hurt. At trial, she explained that she did, in fact, feel pain, but did not report it at the time because of the adrenaline rush she was experiencing and because she felt she could not show weakness as a female corrections officer.

{¶7} Kyle Voorhies, a corrections officer working on the unit with J.N. on February 5, 2023, did not witness the incident, but immediately rushed to the area when he heard a commotion. He observed J.N. crying and visibly upset, but he did not notice any visible injuries on J.N.

{¶8} Bickerstaff testified that he became upset when J.N. told him his recreation time was over. He admitted reaching through the bars and "swinging" at J.N., but denied making any physical contact with J.N. Bickerstaff testified that he was just "trying to scare" J.N. and "wanted to make her flinch."

{¶9} Bickerstaff was indicted on one count of assault in connection with the incident. Pursuant to R.C. 2903.13(C)(3), assault is charged as a third-degree felony if: (1) the offense occurred in or on the grounds of a state correctional institution; (2) the victim of the offense was an employee of the department of rehabilitation and correction; and (3) the offense was committed by a person incarcerated in the state correctional institution. A jury convicted Bickerstaff of third-degree felony assault.

{¶10} Bickerstaff appeals his assault conviction and assigns the following as error:

{¶11} "I. THE EVIDENCE IN THIS CASE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A CONVICTION OF THE CHARGE IN THE INDICTMENT AND, AS A RESULT, THE APPELLANT'S RIGHTS AS PROTECTED BY ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE 5TH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED."

*Standard of Review*

{¶12} In his assignment of error, Bickerstaff argues that the State failed to present sufficient evidence to support his conviction. We disagree.

{¶13} "When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed but, rather, whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Howell*, 2020-Ohio-174, ¶ 28 (5th Dist.), quoting *Jenks* at paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997).

*Physical Harm or Injury*

**{¶14}** Bickerstaff contends his conviction is not supported by sufficient evidence because the State failed to establish that he caused the victim physical harm.

**{¶15}** Bickerstaff's argument focuses on whether there was any actual physical harm suffered by J.N. This argument overlooks the plain language of R.C. 2903.13(A). "R.C. 2093.13(A) does not require that a defendant cause physical harm; it also prohibits individuals from attempting to cause physical harm to another." *State v. Buchar*, 2017-Ohio-7601, ¶ 23 (5th Dist.); *State v. Belcher*, 2013-Ohio-1234, ¶ 57 (2nd Dist.) (testimony of victim that defendant attempted to hit her and swung at her satisfies requirements for assault conviction). The State did not need to prove that J.N. was actually injured, only that Bickerstaff attempted to cause physical harm. *Id.*

**{¶16}** An attempt to hit an officer demonstrates an attempt to cause physical harm. Bickerstaff admitted that he reached through the bars and "swung" at J.N, who testified that Bickerstaff "punched her in the face" with a closed fist through the bars. The bodycam footage also supports the testimony that Bickerstaff made a swinging motion at J.N. The video also demonstrates that J.N.'s immediate response to the swing by appellant was her exclamation that "he punched me in the face."

{¶17} Additionally, the phrase "physical harm to persons" is broadly defined under R.C. 2901.01(A)(3) as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." "The qualification of the physical contact as 'physical harm' is a matter to be determined by the trier of fact." *In re G.K.*, 2022-Ohio-2124, ¶ 19 (5th Dist.). "The slightest injury is enough proof of physical harm." *State v. Bailey*, 2023-Ohio-1267, ¶ 20 (5th Dist.).

{¶18} Here, J.N. testified that she sustained a mark on her face and redness around her eye. She also testified that she experienced head and neck pain after the incident once the adrenaline subsided. She also explained that she did not immediately tell her co-workers that she was hurt because: (1) she had an adrenaline rush and (2) as a female corrections officer, she cannot show weakness to the inmates or her co-workers.

{¶19} "[T]he testimony of one witness, if believed by the jury, is sufficient to support a conviction." *State v. Williams*, 2017-Ohio-803, ¶ 54 (5th Dist.). J.N.'s testimony that she suffered a mark on her face and redness around her eyes and her testimony that, once the adrenaline wore off, she experienced head and neck pain, was sufficient to establish that she suffered physical harm.

{¶20} We find that the State presented sufficient evidence to support a guilty verdict on the assault charge. Bickerstaff's assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.

Costs to Appellant Terry L. Bickerstaff.

By: Popham, J.

King, P.J. and

Gormley, J., concur